IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NORMAN DAVIS,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| V. : | |
| : | NO. 5:24-cv-00104-MTT-CHW |
| Warden **TOMMY BOWEN,**[1] : | |
| : | |
| **Respondents.** : | |
| : | |

## ORDER

Petitioner Norman Davis filed a 28 U.S.C. § 2254 habeas corpus petition challenging his conviction in the Superior Court of Decatur County, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner also filed a motion for leave to proceed *in forma pauperis* in this action, which was granted. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 7; Order, ECF No. 9. Petitioner was then ordered to amend his petition to include any unalleged constitutional error or deprivation. Order, ECF No. 9. Additionally, this Court directed that Respondent would be served and ordered Respondent to file an answer to the petition and any amendment that Petitioner may file.[2] *Id.*

---

[1] Petitioner included both Warden Tommy Bowen and Central State Prison as respondents in this action. Warden Bowen, as "the person who has custody over [Petitioner,]" is the proper respondent to the writ petition. *See* 28 U.S.C. § 2242. Therefore, the **CLERK** is **DIRECTED** to remove Central State Prison as a respondent on the docket.

[2] When that order was originally entered, Respondent was not served due to a clerical error. The order was regenerated on October 4, 2024, such that Respondent was electronically served on that date. Therefore, Respondent shall have sixty (60) days from October 4, 2024, to file their answer consistent with the order originally entered on July 8, 2024.

In response to the order, Petitioner has filed a new motion for appointment of counsel asserting that he is blind and needs assistance to present all of his claims. Mot. to Appoint Counsel, ECF No. 10. Notably, Petitioner previously filed a motion seeking to have the Court appoint counsel on a similar basis. Mot. to Appoint Counsel, ECF No. 2. That motion was denied. Order, ECF No. 5.

As was explained in the order denying Petitioner's previous motion, there is generally no constitutional right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Under the habeas corpus rules, appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c). Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994).

At this stage of the proceeding, the Court is not yet able to determine whether counsel needs to be appointed in this case. Therefore, Petitioner's motion is again **DENIED**. As was previously explained to Petitioner, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

Additionally, a review of the petition demonstrates that this case should be transferred to the Albany Division of this Court. In this regard, 28 U.S.C. § 2241(d) allows a state prisoner to file a habeas petition in the district within which the prisoner was

convicted or in the district within which the prisoner is confined. While this section primarily concerns the proper district for jurisdiction, the former Fifth Circuit suggested that "it has implications as to venue between divisions in the same district."[3] *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).

Here, Petitioner was convicted in Decatur County, which is in the Albany Division of this District. Therefore, the **CLERK** is now **DIRECTED** to **TRANSFER** this petition along with all orders, motions, affidavits, pleadings, and exhibits (if any) filed herein to the **ALBANY DIVISION OF THE MIDDLE DISTRICT OF GEORGIA** for further proceedings under 28 U.S.C. § 2254.

**SO ORDERED and DIRECTED**, this 9th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.